IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY HARDEN,

      Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

No. CV 05-1283-MO

OPINION RE: ATTORNEY
             FEES & COSTS

**MOSMAN, J.,**

      In an order dated March 19, 2007, I reversed the Commissioner's administrative decision in this case and remanded for further proceedings. Thereafter, plaintiff filed an application for fees and costs under the Equal Access to Justice Act ("EAJA") (#24). Counsel seeks $12,263.76 in fees, representing 95.9 hours of attorney time, and $250.00 in costs. The Commissioner concedes plaintiff is entitled to fees under the EAJA. He also concedes counsel's hourly rate is reasonable. The Commissioner opposes plaintiff's request, however, arguing the number of

hours for which counsel seeks payment is unreasonable. I agree with the Commissioner, and I award $ 6329.36 in fees, representing 40 hours of attorney time. Plaintiff's request for costs is granted in full.

The court exercises discretion in awarding fees under the EAJA. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007). My analysis in this context is governed by the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Atkins v. Apfel*, 154 F.3d 986, 988-89 (9th Cir. 1998). The *Hensley* Court instructed: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. Any hours that were not "reasonably expended" must be excluded. *Id.* at 434. Counsel has an obligation to make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

There is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 n.2 (N.D. Cal. 2000) (listing cases); *Nugent v. Massanari*, 2002 WL 356656 (N.D. Cal. 2002) (unpublished); *but see Wirth v. Barnhart*, 325 F. Supp. 2d 911 (E.D. Wis. 2004) (finding over 60 hours reasonable); *and Embry v. Barnhart*, 2003 WL 22478769 (N.D. Ill. 2003) (unpublished) (rejecting 40-hour limit). Absent unusual circumstances or complexity, I agree this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable.

This case is fairly characterized as routine. Plaintiff appealed challenging the Commissioner's treatment of evidence from one medical source, assessment of plaintiff's credibility, and conclusion that plaintiff has transferrable skills from his past work experience. Each of these were fairly discrete issues involving clearly established law. Likewise, the factual basis of the case was not uniquely complex. Plaintiff seeks benefits due to wrist, shoulder, and back limitations resulting from surgical history and his prior employment involving heavy labor.

The administrative record, including all of the medical evidence, was comparatively short. Thus, I find there is nothing about the presentation of the case necessitating an adjustment of the generally acceptable range.

Looking at counsel's billing statements, it is clear it was not the complexity of the case that caused the lengthy expense of time, but rather the inexperience of new counsel. Plaintiff seeks fees on behalf of three attorneys: (1) Tim Wilborn, 14.15 hours; (2) Ralph Wilborn, 24 hours; and (3) Betsy Stephens, 57.75 hours. Both Wilborns have significant experience in social security cases. Ms. Stephens, however, started working on this case as a law clerk before she passed the bar. Only her last 12.25 hours were performed as an attorney. All of Ms. Stephens time was spent researching and drafting plaintiff's opening brief. Ralph Wilborn then spent an additional 12 hours editing the brief and preparing it for filing. While I have no question that 50 plus hours is likely a reasonable amount of time for an inexperienced lawyer to spent on one of her first social security cases, that does not mean it is reasonable to award fees covering this entire amount of time under the EAJA. Rather, accounting for various levels of experience is one of the things the Supreme Court was referring to when it instructed counsel to exercise "billing judgment" in requesting fees. *Hensley*, 461 U.S. at 434.

*DiGennaro v. Bowen*, 666 F. Supp. 426, 428 (E.D.N.Y. 1987), is instructive here. There, the social security plaintiff was successfully represented by a law school clinic. The clinic filed a motion for fees under the EAJA seeking compensation for 130.5 hours of work. *Id.* Recognizing the general 20-40 hour measurement for time reasonably spent in social security cases, the court found there were circumstances warranting a greater time commitment. *Id.* at 433. However, the court also found that even considering those factors, the time spent by the law students was "clearly excessive." *Id.* at 434. The court stated: "While the quality of the work and the degree of effort expended are commendable and impressive for law students, extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases cannot be compensated under this statute." *Id.* (internal

PAGE 3 - OPINION RE: REQUEST FOR FEES

quotation marks and citation omitted). The same is true here. Counsel submitted good quality work in this case. But it is unreasonable to shift the total financial burden of training new counsel onto the government. This includes not only the excess hours spent by Ms. Stephens, but the extra hours, beyond the norm, presumably required to edit her work. Thus, I award plaintiff fees in the amount of $6329.36. This includes 14 hours for Tim Wilborn, 12 hours for Ralph Wilborn, and 14 hours for Ms. Stephens,[1] for a total of 40 hours. I also award $250.00 in costs. IT IS SO ORDERED.

DATED this  2nd  day of August, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[1] Twelve of Ms. Stephens hours are compensated at the attorney hourly rate, the remaining two hours are compensated at the law clerk rate.

PAGE 4 - OPINION RE: REQUEST FOR FEES